FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ NOV 07 2018 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DENISE PONTRELLO,

                Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

---------------------------------------------------------------X

**MEMORANDUM
DECISION AND ORDER**

17-CV-5309 (AMD)

ANN M. DONNELLY, United States District Judge:

The plaintiff brings this action seeking review of the decision of the Commissioner of Social Security that she was not disabled for purposes of receiving disability insurance benefits under Title II of the Social Security Act ("SSA"). On September 19, 2013, the plaintiff applied for disability benefits with an onset date of May 23, 2013. (Tr. 137–38.) Administrative Law Judge ("ALJ") Jack Russak held a hearing, and in a decision dated February 22, 2016, found that the plaintiff had severe impairments of asthma, sleep apnea, atrial fibrillation, and obesity (Tr. 12), but that none of these conditions met the severity of an impairment listed in the SSA regulations (Tr. 13–14). The ALJ further determined that the plaintiff had sufficient residual functional capacity ("RFC") to perform light work, provided that she not climb ladders, ropes, or scaffolds, and only occasionally stoop, crouch, kneel, and climb ramps or stairs. (Tr. 14.) The ALJ concluded that the plaintiff was capable of performing past relevant work as an administrative assistant. (Tr. 17.) The Appeals Council denied the plaintiff's request for review on September 1, 2017, and the ALJ's decision became the final decision of the Commissioner. (Tr. 1–6.)

1

The plaintiff filed this action on September 11, 2017. (ECF No. 1.) Both parties moved for judgment on the pleadings. (ECF Nos. 8, 10.) For the reasons set forth below, I grant the plaintiff's motion for judgment on the pleadings, deny the Commissioner's cross-motion, and remand the case for further proceedings.

## DISCUSSION

A district court may set aside a Commissioner's final decision only if the decision rests on legal error or is not supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999). If there is substantial evidence in the record to support the Commissioner's factual findings, they are conclusive and must be upheld. 42 U.S.C. § 405(g). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) (internal citation omitted). If the Commissioner's factual findings are supported by substantial evidence, those findings are conclusive. *Diaz v. Shalala*, 59 F.3d 307, 312 (2d Cir. 1995); *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) ("Where there is substantial evidence to support either position, the determination is one to be made by the factfinder.").

The plaintiff's primary challenge to the ALJ's decision is that he did not failure to give controlling weight to the opinion of Dr. Thomas Kilkenny, the plaintiff's treating physician. (ECF No. 8-1 at 9–10, 13.) The plaintiff also argues that the ALJ was wrong to focus on her daily activities and to give "great weight" to the state agency consultant's opinions. (*Id.* at 14.) She further claims that the ALJ "failed to consider the combined effect of all of the plaintiff's conditions." (*Id.* at 12). Because Dr. Kilkenny's conclusions about the plaintiff are contradictory,

I remand so that the ALJ can determine what Dr. Kilkenny thinks about the plaintiff's condition, and decide what weight to give that opinion.

The "treating physician" rule requires that "the opinion of a claimant's treating physician be accorded 'controlling weight' if it is well supported and not inconsistent with other substantial evidence in the record. *Corporan v. Comm'r of Soc. Sec.*, No. 12–CV–6704, 2015 WL 321832, at *4 (S.D.N.Y. Jan. 23, 2015) (citing *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000)); *see also Gavazzi v. Berryhill*, 687 F. App'x 98, 100 (2d Cir. 2017) (summary order).[1] When the ALJ does not give a treating physician's opinion controlling weight, he must "comprehensively set forth his [or her] reasons for the weight assigned to a treating physician's opinion." *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (internal quotation marks and citation omitted); *accord* 20 C.F.R. § 404.1527(c)(2). Failure to provide "good reasons" for the weight assigned to a treating physician's opinion constitutes a ground for remand. *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (citation omitted); *see also Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physicians opinion.").

Dr. Kilkenny began treating the plaintiff for sleep apnea and asthma in April of 2013, and at the time of the hearing, had been treating the plaintiff for at least two-and-a-half years. (*See* Tr. 234.) According to Dr. Kilkenny, the plaintiff "ha[d] symptoms of excessive daytime sleepiness due to a sleeping disorder" and "would benefit from frequent short breaks," "a late starting time," and "[a]voidance of dark, warm rooms." (*Id.*) In August 2013, Dr. Kilkenny noted that the plaintiff was "not doing well at all in regards to sleep apnea," "ha[d] marked excessive sleepiness" and struggled to stay awake during the day, even though she was taking medication.

---

[1] The treating physician rule applies because the plaintiff filed her claim before March 27, 2017. 20 C.F.R. § 404.1527.

3

(Tr. 286.) Two months later, Dr. Kilkenny wrote that she was "still having severe issues" and "marked daytime somnolence" despite using a continuous positive airway pressure ("CPAP") machine to assist with her sleeping. (Tr. 283.) On October 23, 2013, Dr. Kilkenny conducted a wakefulness test that confirmed that the plaintiff "show[ed] severe daytime sleepiness." (Tr. 235–36; *see* Tr. 280.) In December 2013, Dr. Kilkenny reported that the plaintiff showed "excessive daytime sleepiness" with "poor symptom control" despite CPAP therapy. (Tr. 277.) He opined that she "remain[ed] totally disabled" and could not "perform at a high level required for work." (Tr. 279.)

The plaintiff's condition did not improve. In subsequent visits in February, June, and October of 2014 and February of 2015, Dr. Kilkenny noted that she had "poor symptom control" even with CPAP therapy. (Tr. 265–74.) The plaintiff's symptoms had "worsen[ed]" (Tr. 274) and in June 2014, she was "still having marked excessive sleepiness" (Tr. 271). In his last report in August 2015, Dr. Kilkenny noted that the plaintiff's condition had not changed, that she suffered from "sleepiness when sedentary," "impaired concentration," and "poor symptom control." (Tr. 262.) At the same time, however, Dr. Kilkenny noted that the plaintiff was "asymptomatic." (*Id.*)

The ALJ accorded Dr. Kilkenny's opinion only partial weight because the record showed some "improvement with CPAP" and that by August 2015, the plaintiff was "asymptomatic." (Tr. 16–17.) But this conclusion appears to be inconsistent with the rest of the record. In June 2014, the plaintiff was "still having marked excessive sleepiness despite the appropriate use of CPAP" (Tr. 271), and in February of 2015, still had "poor symptom control" despite "good compliance with [CPAP] treatment" (Tr. 265). In August 2015—the same month that Dr. Kilkenny said the plaintiff was asymptomatic—he wrote that she still had "significant issues"

4

and suffered from "severe daytime sleepiness despite CPAP." (Tr. 264.)[2] Given the record—Dr. Kilkenny's notation that the plaintiff "asymptomatic" despite other observations that she had not improved—the ALJ should clarify what her condition was, and what Dr. Kilkenny meant when he said she was asymptomatic. *Corporan*, 2015 WL 321832, at *30 ("The ALJ's duty to develop the record includes resolving known ambiguities in the record that may bear on the ALJ's disability determination.") (citations omitted).

Once the ALJ reconciles the conflicting evidence, and determines the appropriate weight to give Dr. Kilkenny's opinion, he should consider how much weight to give the state agency consultant's opinions about the plaintiff's ability to "sustain[] concentration for tasks" (Tr. 17), and whether the plaintiff's ability to complete daily tasks is significant (*see* Tr. 16). The ALJ should also explain why he concluded that the "combined impact of the [medically severe combination of] impairments" does not meet or medically equal the severity of a listed impairment at step three.[3] *Duncan v. Astrue*, No. 09–CV–4462, 2011 WL 1748549, at *22 (E.D.N.Y. May 6, 2011) (quoting *Burgin v. Astrue*, 348 F. App'x 646, 647–48 (2d Cir. 2009) (summary order)); *see Hernandez v. Astrue*, 814 F. Supp. 2d 168, 185 (E.D.N.Y. 2011) ("The ALJ's failure to consider the effects of plaintiff's combined impairments in every step of the five–step sequential process . . . requires remand.") (citation omitted).

---

[2] Dr. Charles Plotz noted in November that the plaintiff's sleep apnea was "well-controlled with a CPAP machine." (Tr. 296.) Dr. Plotz never examined the plaintiff and there are no treatment notes to support his opinion. (Tr. 17, 294.) The ALJ, therefore, accorded Dr. Plotz's opinion only little weight. (Tr. 17.)

[3] The Commissioner is required to "consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity" to establish eligibility for Social Security benefits. 20 C.F.R. § 404.1523.

## CONCLUSION

Accordingly, for the reasons set forth above, the plaintiff's motion for judgment on the pleadings is granted, the Commissioner's cross-motion is denied, and the case is remanded for further proceedings consistent with this opinion.

**SO ORDERED.**

                                                s/Ann M. Donnelly

                                                Ann M. Donnelly
                                                United States District Judge

Dated: Brooklyn, New York
        November 7, 2018